### In re HARPER.

(District Court, N. D. Illinois, N. D. November 8, 1900.)

#### No. 355.

BANKRUPTCY—ACTS OF BANKRUPTCY—PERMITTING PREFERENCE THROUGH LEGAL PROCEEDINGS.

A petition in involuntary bankruptcy sufficiently shows an act of bankruptcy, under the bankrupt act, by suffering or permitting a creditor to obtain a preference through legal proceedings, not having vacated or discharged such preference at least five days before final disposition of the property affected thereby, where it alleges that the alleged bankrupt while insolvent permitted a judgment against him to remain unsatisfied after execution had been issued thereon and a demand made upon him thereunder, and garnishment proceedings instituted on such judgment, in which the garnishee had answered, admitting a sum to be due from him to the defendant, where more than five days had elapsed after the time when the garnishee might have answered under the statute and paid the money into court.

In Bankruptcy. On demurrer to petition in involuntary proceedings.

Charles Hughes, for bankrupt.

Emery S. Walker, Percival Steele, and Jay D. Miller, for petitioning creditors.

KOHLSAAT, District Judge. This matter comes on to be heard upon demurrer of the bankrupt to the petition herein, on the ground that the specific facts stated in the petition do not show that Harper "suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having, at least five days before a sale or final disposition of any property affected by such preference, vacated or discharged such preference." The act complained of in the petition as in contravention of said provision of the bankrupt act was the permission by Harper of a judgment against him to remain unsatisfied after execution had been issued thereunder, a demand made upon him under said execution, garnishment proceedings instituted upon said judgment, and an answer filed by a garnishee in said garnishment suit admitting $3,255.78 as due to Harper. As a matter of practice in this state, immediately upon the commencement of a garnishment proceeding, a garnishee could answer showing the amount in his hands belonging to the judgment debtor, and could upon the filing of such answer turn over such amount to the judgment creditor to the extent of the amount due under the judgment. No period of five days would necessarily have to elapse between the creation of a preference under garnishment

proceedings and the final disposition of the property affected by such proceeding. For this reason I am of the opinion that the spirit of the act covers the facts set forth in this petition, and that the allegations thereof are sufficient. The demurrer is overruled.