## In re FISHER.

(District Court, E. D. Pennsylvania. January 27, 1915.)

### No. 5323.

1. BANKRUPTCY ☞59—ACTS OF BANKRUPTCY—PREFERENCES.

    An act of bankruptcy consisting of suffering a creditor to obtain a preference by legal proceedings involves insolvency; suffering the creditor to obtain a preference; failure of the debtor to avoid the preference five days before sale; and a sale of the property affected by such preference.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 81, 82; Dec. Dig. ☞59.]

2. BANKRUPTCY ☞59—ACTS OF BANKRUPTCY—PREFERENCE BY LEGAL PROCEEDINGS—PROPERTY AFFECTED BY PREFERENCE.

    Where an alleged bankrupt, while insolvent owning real estate which was subject to a mortgage, confessed judgment to a preferred creditor and then permitted a sale of the land subject to the lien of such judgment to be made under proceedings to foreclose the mortgage, there was a sale of property affected by preference sought to be given by the judgment, and hence such sale constituted an act of bankruptcy.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 81, 82; Dec. Dig. ☞59.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of bankruptcy proceedings against Goldie Fisher. On motion to dismiss amended petition. Denied.

Maurice G. Weinberg, Robert T. McCracken, and Owen J. Roberts, all of Philadelphia, Pa., for petitioners.

Lionel Teller Schlesinger, of Philadelphia, Pa., for alleged bankrupt.

DICKINSON, District Judge. An outline statement of the facts necessary to an understanding of the question involved in this case is this:

The petition in bankruptcy alleges insolvency, the confessing a judgment, the fixing of a time for the sale through mortgage foreclosure proceedings of property upon which this preferential judgment is a lien, and the failure of the defendant to vacate the preference within five days of the time fixed for the sale. The petitioners in bankruptcy maintain the affirmative of the proposition that this is "the suffering or permitting while insolvent a creditor to obtain a preference through legal proceedings and not vacating the preference five days before the time fixed for the sale of property affected by such preference," within the meaning of division 3 of clause "a" of section 3 of the Bankrupt Act (Act July 1, 1898, c. 541, 30 Stat. 546 [Comp. St. 1913, § 9587]), the language of which we have paraphrased in the words above given between quotation marks.

The alleged bankrupt negatives this proposition by the assertion that the sale contemplated by the act of Congress is a sale having for its basis the preferred judgment, or which is in itself the act of the creditor to whom the preference is sought to be given, and which is not some other sale or a sale which is the result of the act of some one else. This, therefore, presents the question of whether it is an act of bankruptcy for an insolvent owning real estate, which is subject to a mortgage, to confess a judgment to a preferred creditor and then to permit a sale of the real estate subject to the lien of that judgment to be made under foreclosure proceedings on the mortgage.

[1] An analysis of that part of the Bankrupt Act under discussion will show it to present four essential elements: (1) Insolvency; (2) suffering a creditor to obtain preference through legal proceeding; (3) not avoiding the preference five days before the sale, where (4) the property to be sold is property affected by such preference. If any one of these elements be absent, the act is not an act of bankruptcy.

Counsel for the alleged bankrupt has referred us to cases which apply this principle, in that they have sustained demurrers to or have dismissed petitions in bankruptcy because some one or more of these essential elements were lacking. Instances are found of cases in which, although there was insolvency and there was the confession of a judgment which gave priority of lien and consequent preference, no execution had been issued and no fixing otherwise of a time for a sale. In other words, the sale element was lacking. Other instances are found in which there was the element of insolvency and the element of sale, but no preference sought to be given through legal proceedings. In this line of cases the element of unlawful preference was lacking.

It was stated by counsel at the argument that no case could be found

in which the four elements were present as they are here, including, as is also here, room for the distinction between a sale under an execution issued upon the judgment giving the unlawful preference and a sale under an execution issued upon another judgment having a priority of lien lawfully acquired.

[2] This distinction narrows the inquiry to one into the character of the sale contemplated. The inquiry is answered by the language of the act. It is a sale or other proceeding which works a "final disposition of any property affected by" the unlawful preference. The inquiry here is therefore again further narrowed to the one of whether this sale would be a "final disposition of any property affected by" the confessed judgment. Inasmuch as the judgment which potentially confers the unlawful preference is a lien upon the property proposed to be sold, the conclusion is unavoidable that it is a sale of "property affected by" the preference sought to be given by the judgment. This conclusion is supported by and implied in, if not directly declared by, the decision in Citizens' Bank v. Ravenna Bank, 234 U. S. 360, 34 Sup. Ct. 806, 58 L. Ed. 1352, 32 Am. Bankr. Rep. 477.

We have considered the case as it should properly be considered as one either within or without the provisions of the Bankruptcy Act as written. Insolvency is not made an act of bankruptcy by this section. Insolvency and the giving of a potential preference together do not constitute an act of bankruptcy. Under this section, insolvency, preference, or a sale of property, or all three together, do not constitute an act of bankruptcy; but where there is added to these three things the further fact that the sale is a sale of property affecting the preference, the combination of these four things does constitute an act of bankruptcy. In other words, it is only when the conditions are such that the potential preference given is about to become a preference in fact through a sale which itself works out and makes effective the actual preference, then the court in bankruptcy may act.

The things done in this case bring it within the true spirit and meaning of the bankruptcy law, and, as the averments in the amended petition bring it also within the very letter of the language of the acts of Congress, the petition to dismiss must be disallowed.

It is, accordingly, so ordered.