### In re FINEMAN.

(District Court, E. D. Pennsylvania. March 12, 1915.)

No. 5293.

1. BANKRUPTCY ⟨⟩81—PETITION—SUFFERING PREFERENCE—"ACT OF BANKRUPTCY."

Under Bankr. Act July 1, 1898, c. 541, § 3a, 30 Stat. 546 (Comp. St. 1913, § 9587), making it an "act of bankruptcy" for a person when insolvent to permit a creditor to obtain a preference and to fail to have the preference vacated at least five days before a final sale or other dis-

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

position of the property, a petition which alleges the insolvency of the alleged bankrupt and that he suffered and permitted certain creditors to obtain a preference by suffering a judgment to be rendered against him and an attachment and execution issued thereon against the garnishee, and that judgment had been obtained against the garnishee, is sufficient, since the rendering of the judgment against the garnishee is as final a disposition of the property as a sale under execution.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 113–118, 125; Dec. Dig. ☞81.

For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy.]

2. BANKRUPTCY ☞81—PETITION—SUFFERING PREFERENCE.

The averment that a preference was obtained by that procedure, and that judgment and execution and attachment had been issued, and judgment entered against the garnishee, is necessarily an averment that the debt garnisheed was the property of the defendant.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 113–118, 125; Dec. Dig. ☞81.]

3. BANKRUPTCY ☞95—HEARING—PETITION AND ANSWER.

The alleged bankrupt cannot have the case set down for hearing on petition and answer, since in such a hearing the averments of the answer are to be taken as true.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 132, 140, 145; Dec. Dig. ☞95.]

In Bankruptcy. Proceedings against Samuel Fineman. On motion to dismiss the petition. Motion denied.

Meyer Sack, of Philadelphia, Pa., for petitioning creditors.
Abraham Wernick, of Philadelphia, Pa., for alleged bankrupt.

DICKINSON, District Judge. [1] A statement of the record facts in this case is necessary to bring out the question involved. On November 7, 1914, a petition in an involuntary proceeding was filed. The act of bankruptcy intended to be averred was the third of those set forth in section 3a of the act. The ground of bankruptcy is that usually referred to as an act of "preference." It may be noted here that three things together constitute the act of bankruptcy. The alleged bankrupt must have been insolvent; he must have suffered or permitted a creditor to obtain a preference through legal proceedings; and he must have failed to have had such preference vacated at least five days before a final sale or other disposition of the property affected by such preference. The averments of the petition by means of which the insolvent is to be made subject to the provisions of the Bankruptcy Act are that the alleged bankrupt is insolvent and has suffered and permitted certain of his creditors to obtain a preference through legal proceedings. The preference set forth is the suffering of a judgment and an attachment in execution to be issued thereon against an insurance company as garnishee, and that judgment had been obtained against the garnishee in the proceedings, the amount of which is about to be paid over to the creditor thus preferred. There is a further averment of the failure of the alleged bankrupt to have the preference thus obtained vacated. No other ground of bankruptcy is suggested.

It is evident that no decree of adjudication can be entered unless the above averments bring the proceeding within the quoted section of the Bankruptcy Law. It is equally clear that the securing by a creditor of the amount of his claim through attachment in execution proceedings is a "final disposition of property affected by such preference" as effectually as if he had received payment from the proceeds of a sale under a writ of fieri facias or venditioni exponas. There is no necessity or excuse even for discussing the question, as it has been set at rest in a number of adjudications. In re Harper (D. C.) 105 Fed. 900. Essentially the same question was disposed of in Re Goldie Fisher (D. C.) 219 Fed. 638. The difference of views expressed by the respective counsel is due to the overlooking by counsel for the bankrupt of the distinction between cases in which the attachment in execution proceedings have gone no further than the issuance of the writ and those in which they have progressed beyond the point of a judgment against the garnishee. It is to be observed that the distinction is analogous to that between cases in which a judgment has been recovered, but no sale or other disposition of the property of the alleged bankrupt threatened, and those in which a sale through execution process is impending.

[2] It seems to be an extremely technical view (although there is some sanction for it in judicial expressions) to take of a petition that, because there is no averment of the fact that the debt attached is the property of the defendant in the judgment, there is therefore no averment that any property of the alleged bankrupt is affected "by a preference." In the first place, the averments are of the fact of the preference; and in the second place, the averment of a judgment and issuing of an attachment in execution upon that judgment, and following this a judgment against the garnishee, necessarily carries a statement of the fact that there was property of the defendant out of which the preference was obtained.

The motion to dismiss the petition is therefore disallowed.

[3] In order to dispose of the above question, we have, at the request of counsel, treated the proceeding before us as a motion to dismiss. The record fact, however, is that an answer was filed. This answer raises questions of fact which must be disposed of. The respondent cannot set down the proceedings for hearing on petition and answer, because the necessity of such a hearing is that the averments of the answer be accepted as verity. The petitioners, if they deem themselves entitled to a decree of adjudication notwithstanding the answer, might so set down the case; but for obvious reasons the respondent cannot do so. The proceeding must take its regular course, and its progress may be expedited by any of the parties interested.

The petition of certain creditors to intervene may be filed, and the prayer of the petition is granted.